UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Amy W.,[1]

           Plaintiff,

v.

Kilolo Kijakazi,
*Acting Commissioner of Social Security,*

           Defendant.

Case No. 21-cv-2034 (SRN/LIB)

**REPORT AND RECOMMENDATION**

      This matter comes before the undersigned United States Magistrate Judge pursuant to a general assignment made in accordance with the provisions of 28 U.S.C. § 636 and upon Plaintiff Amy W.'s Motion for Attorney's Fees. [Docket No. 29]. Pursuant to the Local Rules governing motions filed in Social Security cases in this District, the Court took Plaintiff's Motion under advisement on the written submissions of the parties. (Order [Docket No. 33]). Through the present Motion, Plaintiff seeks an award of attorney's fees in the amount of $8,240.00, plus $100.00 in costs.

      For the reasons set forth herein, the undersigned recommends that Plaintiff's Motion for Attorney's Fees, [Docket No. 29], be **GRANTED**.

**I.**       **Background**

      Plaintiff initiated this action on September 14, 2021, by filing her Complaint. [Docket No. 1]. Through this action, Plaintiff sought to appeal the Commissioner's decision (through the Administrative Law Judge "ALJ") denying Plaintiff's request for disability benefits. (Id.).

---

[1] This District has adopted the policy of using only the first name and last initial of any nongovernmental parties in Social Security opinions such as the present Report and Recommendation. Accordingly, where the Court refers to Plaintiff by name, only her first name and last initial will be provided.

Pursuant to the Local Rules governing social security cases in this District, Plaintiff filed her Motion for Summary Judgment on March 22, 2022. [Docket No. 21]. Plaintiff also filed a memorandum in support of her Motion for Summary Judgment.

Accordingly, pursuant to the Local Rules governing social security cases in this District, Defendant's cross-motion for summary judgment was due May 6, 2022. Defendant did not, however, file a cross-motion for summary judgment. Instead, the parties, on May 6, 2022, filed a "Joint Stipulation for Remand to Agency for Further Proceedings Pursuant to 42 U.S.C. § 405(g), Sentence 4." [Docket No. 23].

On May 9, 2022, the Court issued an Order approving the parties' Joint Stipulation requesting remand of the present case. (Order [Docket No. 25]). Pursuant to the Court's May 9, 2022, Order, the present case was remanded to the Commissioner of Social Security for further administrative action, pursuant to sentence four of 42 U.S.C. § 405(g).[2]

On July 31, 2022, Plaintiff filed the present Motion for Attorney's Fees. [Docket No. 29]. Thereafter, the undersigned issued an Order, [Docket No. 33], establishing a schedule for briefing on Plaintiff's Motion for Attorney's Fees which provided that Defendant's response to the present Motion was due by no later than August 31, 2022. (Order [Docket No. 33]). Defendant did not, however, file a response to the present Motion.

## II.   Standard of Review

Under the Equal Access to Justice Act ("EAJA"), District Courts have the authority to award costs and attorney fees to a prevailing plaintiff in an appeal from a denial of disability benefits by the Commissioner. The EAJA provides in relevant part:

---

[2] "The court shall have power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing." 42 U.S.C. § 405(g).

2

> [A] court shall award to a prevailing party other than the United States fees and other expenses . . . incurred by that party in any civil action (other than cases sounding in tort), including proceedings for judicial review of agency action, brought by or against the United States in any court having jurisdiction of that action, unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust.

28 U.S.C. § 2412(d)(1)(A).

A plaintiff bears the burden of establishing that she was a "prevailing party" under the EAJA. Huett v. Bowen, 873 F.2d 1153, 1155 (8th Cir. 1989). If a plaintiff establishes that she is a prevailing party, the burden then shifts to the Government to prove that it was substantially justified in asserting its position. Bah v. Cangemi, 548 F.3d 680, 684 (8th Cir. 2008).

> Whether or not the position of the United States was substantially justified shall be determined on the basis of the record (including the record with respect to the action or failure to act by the agency upon which the civil action is based) which is made in the civil action for which fees and other expenses are sought.

28 U.S.C. § 2412(d)(1)(B). The Government must show that its "position was substantially justified at both the administrative and litigation levels." Gowen v. Bowen, 855 F.2d 613, 615 (8th Cir. 1988).

**III.   Discussion**

As noted above, the plaintiff bears the burden of establishing that she was the "prevailing party" under the EAJA. Huett, 873 F.2d at 1155. A "sentence four" remand renders a plaintiff the "prevailing party" under the EAJA. Shalala v. Schaefer, 509 U.S. 292, 300–01 (1993).

In the present case, the record before the Court unequivocally demonstrates that Plaintiff is a prevailing party under the EAJA. Accordingly, for the purposes of the present matter before the Court, the burden shifts to the Defendant to show that her position was substantially justified.

Defendant does not contend that her position was substantially justified or that an award of attorney's fees is otherwise unjust. In fact, Defendant failed to file any response or objection

3

to Plaintiff's present request. (Id.). Therefore, the Court concludes that Defendant has not carried her burden of showing that her position on review of the ALJ's decision was substantially justified.

Accordingly, Plaintiff is entitled to an award of attorney's fees under the EAJA.

Having determined that Plaintiff is entitled to an award of attorney's fees, the Court turns to the sufficiency of the evidence supporting Plaintiff's request for $8,240.00 in attorney's fees. "The most useful starting point for determining the amount of a reasonable fee is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate." Hensley v. Eckerhart, 461 U.S. 424, 433 (1983).

**A. Number of Hours**

In determining the number of hours reasonably expended on litigation, the Court reviews an "itemized application for excessive, redundant, or otherwise unnecessary hours, i.e., hours that would be unreasonable to bill to a claimant." Knudsen v. Barnhart, 360 F. Supp. 2d 963, 976 (N.D. Iowa 2004).

In support of the present Motion, Plaintiff asserts that during the course of the present action, her counsel spend a total of 46.3 hours representing Plaintiff's interest in this case. Plaintiff asserts, however, that she is seeking award of attorney's fees for only 40 of the 46.3 hours expended. (Chermol Decl. [Docket No. 30] at 4) Plaintiff's counsel submitted a signed declaration containing the number of hours expended representing Plaintiff's interest in the present case, as well as, an itemized list describing how each increment of that time was spent. (Chermol Decl. [Docket No. 30]).

The Court, upon its independent review of the record, concludes that the 40 hours expended by Plaintiff's attorney in the present case are reasonable as supported by the

description of the activities identified in the itemization provided in support of the present fee petition. See, e.g., Stockton v. Shalala, 36 F.3d 49, 50 (8th Cir. 1994).[3] Accordingly, the reasonable number of hours for which Plaintiff may seek attorney's fees under the EAJA is 40 hours in the present case.

### B. Hourly Rate

The EAJA allows for calculating the hourly rate for an award of attorney's fees under the statute by reference to prevailing market rates, but expressly sets forth that awards of attorney's fees under the EAJA may not exceed the rate of $125 per hour "unless the court determines that an increase in the cost of living or a special factor, such as the limited availability of qualified attorneys for the proceedings involved, justifies a higher fee." 28 U.S.C. § 2412(d)(2)(A). In the present Motion for fees, Plaintiff requests that her award for attorney's fees be calculated at an hourly rate of $206.00 per hour. (See Plf.'s Mot. [Docket No. 29] at 2).

In support of this increase in hourly rate over the statutory rate of $125.00 an hour, Plaintiff asserts that the rise in the Consumer Price Index since the establishment of the statutory rate when applied to the statutory rate results in an hourly rate of $206.00 per hour. (Plf.'s Mot. [Docket No. 29] at 2). In support of this assertion, Plaintiff relies on Consumer Price Index figures from the Bureau of Labor Statistics. (See Id.).

In accordance with the EAJA, the Eighth Circuit has held that "proper proof" of an increase in the cost of living "sufficient to justify hourly attorney's fees of more than" the statutorily established amount, is a copy of the consumer price index. Johnson v. Sullivan, 919

---

[3] Although the present case was remanded for further administrative proceedings based on the parties' stipulation requesting remand as opposed to being remanded as a result of the adjudication of cross-motions for summary judgment, Defendant did not agree to said remand until after Plaintiff's counsel had drafted and filed Plaintiff's Motion for Summary Judgment. In the typical case involving a social security appeal, the majority of time expending by counsel for a plaintiff is expended in filing said plaintiff's motion for summary judgment. In short, it is not unexpected that Plaintiff's counsel in the present case expended only slight less hours than would be expected in a case which resulted in remand based on the adjudication of cross-motions for summary judgment.

F.2d 503 (8th Cir.1990). Even where such proof is provided, however, the decision to increase the hourly rate to account for cost of living increases is not automatic and remains at the discretion of the District Court. Clements v. Astrue, No. 8-cv-4078, 2009 WL 4508480, at *3 (W.D. Ark. Dec. 1, 2009) (citing McNulty v. Sullivan, 886 F.2d 1074 (8th Cir. 1989)).

According to public data from the United States Department of Labor, the Consumer Price Index in March of 1996—when the statutory attorney's fee rate was established—was 155.7, and the Consumer Price Index had risen to 292.296 in May 2022, the time when Plaintiff became the prevailing party in the present action. Applying this increase in the Consumer Price Index to the $125.00 statutory rate gives an hourly rate of approximately $234.66.

The Court finds that, given the significant increase in the Consumer Price Index and Defendant's lack of opposition to the present Motion, Plaintiff's requested hourly rate of $206.00 is reasonable. See, e.g., Dorelle H. v. Kijakazi, No. 20-cv-1057 (NEB/BRT), 2021 WL 8314955, at *1 (D. Minn. Nov. 22, 2021) (finding that a rate of $208.75 was reasonable for work performed in 2020 and rate of $212.50 per hour for work performed in early 2021); Holly G. v Kijakazi, No. 20-cv-2279 (ECT/LIB), 2022 WL 1205421, at *6 (D. Minn. Apr. 6, 2022) (finding that a rate of $209 was reasonable in seeking fees pursuant to the EAJA based on the increase in the cost of living since the statutory rare was established), report and recommendation adopted, 2022 WL 1204827 (D. Minn. Apr. 22, 2022); DeAnna T. v. Kijakazi, No. 20-cv-576 (ECW), 2022 WL 406658, at *3 (D. Minn. Feb. 10, 2022) (finding that a rate of $207.21 was reasonable in seeking fees pursuant to the EAJA); Gloria P. v. Kijakazi, No. 20-cv-1542 (ECT/LIB), 2022 WL 1064455, at *5 (D. Minn. Mar. 23, 2022) (finding that a rate of $205 was reasonable in seeking fees pursuant to the EAJA), report and recommendation adopted, 2022 WL 1063948 (D. Minn. Apr. 8, 2022); Ibrahim v. Barr, No. 18-cv-1883 (PAM/BRT), 2019 WL 1487850, at *3 (D.

Minn. Apr. 4, 2019) (finding that a rate of $202 was reasonable in seeking fees pursuant to the EAJA in a case filed in 2018).

Based on the current record, the Court concludes that Plaintiff is entitled to a cost of living upward adjustment from the EAJA statutorily established maximum hourly rate of $125.00 for attorney's fees awards. The Court further concludes that the requested $206.00 per hour rate is reasonable in light of the significant increase in the Consumer Price Index since the original enactment of the $125.00 statutory rate.

Accordingly, the reasonable hourly rate for which Plaintiff may seek an award of attorney's fees under the EAJA is $206.00 per hour.

### C. Amount of the Award

As discussed above, the Court concludes that the hours expended by Plaintiff's attorney that may be reasonably used in calculating the award of attorney's fees in the present case is 40 hours. The reasonable hourly rate to be used in calculating that award is $206.00 per hour. Applying the reasonable hourly rate to the hours that may be reasonably used in calculating the attorney's fees to which Plaintiff is entitled produces an award of $8,240.00.

### D. To Whom the Award for Attorney's Fees Should be Made

The text of the EAJA authorizes a court to award fees and expenses to a prevailing party without reference to the prevailing party's attorney. See 28 U.S.C. § 2412(d)(1)(A). In Astrue v. Ratliff, 560 U.S. 586 (2010), the Supreme Court expressly held that an EAJA award "is payable to the litigant and is therefore subject to a Government offset to satisfy a pre-existing debt that the litigant owes the United States." Ratliff, 560 U.S. at 589. The Supreme Court reasoned that "the term prevailing party in fee statutes is a term of art that refers to the prevailing litigant," and therefore, any fees awarded under the EAJA must be paid directly to the prevailing litigant and

not to the litigant's attorney. Id. at 591–93. "The fact that the statute awards to the prevailing party fees in which her attorney may have a beneficial interest or a contractual right does not establish that the statute 'awards' the fees directly to the attorney." Id. at 593.

This Court finds that, on the present record, directing the award of attorney's fees to be made payable to Plaintiff is in accordance with United States Supreme Court precedent. See Ratliff, 560 U.S. at 593. Therefore, the Court recommends that the fee award be made payable to Plaintiff.

### E. Costs

Plaintiff also requests recovery of $100.00 in costs. (Plf.'s Mem. [Docket No. 30] at 4). This amount reflects the $100.00 fee paid by Plaintiff's counsel to appear pro hac vice.

The Court finds Plaintiff's request for an award of costs in the amount of $100.00 to be reasonable and appropriate. On that basis, and again in light of Defendant's lack of opposition thereto, the Court concludes that Plaintiff is entitled to an award of $100.00 in costs.

## IV. Conclusion

For the reasons set forth above, and based on all of the files, records, and proceedings herein, **IT IS HEREBY RECOMMENDED THAT**:

1. Plaintiff's Motion for Attorney's Fees, [Docket No. 29], be **GRANTED**;

2. Plaintiff be awarded attorney's fees in the amount of $8,240.00, pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412 as more fully discussed above;

3. Plaintiff be awarded costs in the amount of $100.00, pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412 as more fully discussed above; and

4. This award be found to fully and completely satisfy any and all claims for fees, costs, and/or expenses that may have been payable to Plaintiff in this matter pursuant to the Equal Access to Justice Act.

Date: October 24, 2022                            s/ Leo I. Brisbois
                                                                           Hon. Leo I. Brisbois
                                                                           U.S. MAGISTRATE JUDGE

## NOTICE

**Filing Objections:** This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals.

Under Local Rule 72.2(b)(1), "a party may file and serve specific written objections to a magistrate judge's proposed finding and recommendations within 14 days after being served a copy" of the Report and Recommendation. A party may respond to those objections within 14 days after being served a copy of the objections. Local Rule 72.2(b)(2). All objections and responses must comply with the word or line limits set forth in Local Rule 72.2(c).