UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Amy Williamson,<br><br>　　　　　Plaintiff,<br><br>v.<br><br>Kilolo Kijakazi,<br>Acting Commissioner of Social Security<br><br>　　　　　Defendant. | Case No. 21-cv-2034 (SRN/LIB)<br><br><br><br>**ORDER** |

David F. Chermol, Chermol & Fishman, LLC, 11450 Bustleton Ave., Philadelphia, PA 19116, for Plaintiff.

Chris Carillo, Special Assistant U.S. Attorney, Office of the General Counsel, Ste. 350, Social Security Administration, 1301 Young St., Mailroom 104, Dallas, TX 75202, for Defendant.

SUSAN RICHARD NELSON, United States District Judge

This matter is before the Court on Plaintiff Amy Williamson's Motion for Attorney Fees [Doc. No. 37] ("Pl.'s Mot."). For the reasons set forth below, Ms. Williamson's Motion is granted.

I.   BACKGROUND

Ms. Williamson applied for Social Security Disability Benefits and Supplemental Security Income in 2019. (*See* Compl. [Doc. No. 1] ¶ 5.) Her claim was initially denied and then again denied after reconsideration. (*Id*.) She next requested review by an Administrative Law Judge ("ALJ"), who denied her claim in October 2020, and she then appealed the ALJ's decision to the Appeals Council, which affirmed the decision of the

1

ALJ. (*Id.* ¶ 6.) The Appeals Council's denial became the final decision of the Commissioner of Social Security ("Commissioner"). (*Id.*)

Ms. Williamson then filed this action in September 2021, seeking judicial review of the Commissioner's decision. (*Id.* ¶¶ 10–11.) Pursuant to the parties' stipulation, [Doc. No. 23], the Court remanded the case to the Commissioner for further administrative proceedings. (May 9, 2022 Order [Doc. No. 25].) This remand led to an outright award of benefits, (Pl.'s Ex. A (Notice of Award) [Doc. No. 40]), and entitled Ms. Williamson to the award of attorney's fees under the Equal Access to Justice Act ("EAJA"), which she duly requested, [Doc. No. 29], and the Court granted an award of $8,240. (Nov. 16, 2022 Order [Doc. No. 35].)

Ms. Williamson prevailed before the Social Security Administration ("SSA") and was awarded past-due benefits totaling $65,811.50. (Pl.'s Ex. A (Notice of Award).) The SSA withheld from the disability benefits award twenty-five percent of the amount of past-due benefits for representative fees, totaling $16,453.[1] (*Id.* at 2.) Ms. Williamson now moves for the award of these fees pursuant to 42 U.S.C. § 406(b), with the provision that the previously awarded EAJA fees be deducted from the amount of the EAJA award, resulting in a net § 406(b) payment of $8,213. (Pl.'s Mot. ¶ 4.) Alternatively, Plaintiff requests payment of the full 25% of past-due benefits, i.e., $16,453, from which Plaintiff's counsel will refund the $8,240 EAJA directly to the claimant. (*Id.* ¶ 4 n.1; Pl.'s Mem. [Doc. No. 39] at 3 n.1.) In support of her Motion, Ms. Williamson submits her Notice of

---

[1] The exact amount is $16,452.88, which Plaintiff has rounded up to $16,453.

Award from the SSA, the attorney fee agreement with her counsel, and a statement of attorney time expended. (*See* Pl.'s Ex. A (Notice of Award); Pl.'s Ex. B (Fee Agmt.) [Doc. No. 40-1]; Pl.'s Ex. C (Statement of Attorney Time) [Doc. No. 40-2].)

The Commissioner does not oppose Ms. Williamson's Motion, nor does she take a position on the request to award a netted § 406(b) award. (Comm'r Resp. [Doc. No. 41] at 1–4.) However, if the Court agrees to Plaintiff's request to award a net fee rather than require counsel to refund the EAJA fee previously received, the Commissioner asks that the Court make a reasonableness determination on the full § 406(b) fees sought, rather than the net fee awarded after an offset. (*Id*. at 4.)

## II.   DISCUSSION

The Court may award a successful Social Security claimant's counsel "a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits." 42 U.S.C. § 406(b)(1)(A). Where the representation is governed by a contingency fee agreement, as is the case here, the Court reviews "such arrangements as an independent check, to assure that they yield reasonable results in particular cases." *Gisbrecht v. Barnhart*, 535 U.S. 789, 807 (2002). To assess the reasonableness of the fee award sought, the Court starts with the contingency fee agreement and then assesses the "character of the representation and the results the representative achieved." *Id.* at 808. The Court may reduce the fee award when the representation is deficient, when counsel delayed the proceedings to increase the benefits from which the fee was payable, or when the "benefits are large in comparison to the amount of time counsel spent on the case." *Id.*

3

Here, counsel's representation of Ms. Williamson was ultimately successful because it resulted in the award of $65,811.50 in past-due disability benefits. (*See* Pl.'s Ex. A (Notice of Award).) Ms. Williamson's fee agreement provides that if her claim is successfully decided after an appeal to the Appeals Council, her attorney will receive "a fee equal to twenty five percent (25%) of all past due benefits which are awarded on my account[.]" (Pl.'s Ex. B (Fee Agmt.) at 1.) Therefore, both the fee agreement and the statute permit the award of attorney's fees in this case.

The requested attorney's fees of $16,453 are reasonable. First, the fee agreement comports with § 406(b)'s requirements because it limits the award to twenty-five percent of the total past due benefits awarded. (*Id*.) The Supreme Court has noted that contingency agreements for the statutory maximum of twenty-five percent "are the most common fee arrangement between attorneys and Social Security claimants," and nothing suggests that the agreement here was unreasonable when entered. *Gisbrecht*, 535 U.S. at 800. Moreover, the record that counsel worked with spanned more than 1,800 pages. (*See generally* Admin. R. [Doc. No. 20].)

As for the factors warranting a reduction in fees, counsel has competently represented Ms. Williamson, as demonstrated by the final result of the administrative proceedings. In addition, there is no evidence in the record that counsel was responsible for any significant or undue delays.

Furthermore, the full award would not result in a disproportionate payment to counsel based on the time spent on the case and the complexity of the proceedings. Although counsel has not attested to the hours spent representing Ms. Williamson since the

4

remand, counsel previously attested to spending 46.3 hours on the case in support of the EAJA fee award. (Chermol Decl. [Doc. No. 30] at 3.) While an imperfect estimate, dividing a $16,453 award by the earlier billing total of 46.3 hours results in a compensation rate of approximately $355 per hour. Any work performed since the matter was remanded to the Commissioner would lower the hourly billing rate even further. Courts in this District often have approved much higher hourly billing rates. *See, e.g.*, *Mai V. v. Kijakazi*, No. 17-cv-4347 (ECT/DTS), 2022 WL 4667400, at *2 (D. Minn. Sept. 12, 2022) (approving a $950 effective hourly rate), *adopting report and recommendation*, 2022 WL 4663289 (D. Minn. Sept. 30, 2022); *Mary F. v. Saul*, No. 20-cv-111 (DSD/KMM), 2021 WL 6338632, at *2 (D. Minn. Dec. 21, 2021) (approving a $970.65 effective hourly rate), *adopting report and recommendation*, 2022 WL 93944 (D. Minn. Jan. 10, 2022); *Jody A. E. v. Saul*, No. 16-969, 2019 WL 4928921, at *2 (D. Minn. Oct. 7, 2019) (approving a $1,229.63 effective hourly rate). Consequently, the award will not constitute a windfall for Ms. Williamson's counsel.

In light of the terms of the contingency fee agreement, the amount of effort expended on Ms. Williamson's case, the length of the proceedings, the results obtained, the hourly rates awarded in this District, and the statutory requirements of Section 406(b), the Court finds that a fee award of $16,453 is reasonable.

While an attorney may receive fee awards under both the EAJA and § 406(b), the attorney "must refund to the claimant the amount of the smaller fee." *Gisbrecht*, 535 U.S. at 796. "Thus, an EAJA award offsets an award under Section 406(b), so that the [amount of the total past-due benefits the claimant actually receives] will be increased by the . . .

5

EAJA award up to the point the claimant receives 100 percent of the past-due benefits." *Id.* Because the fees awarded here under the EAJA are smaller than the fees awarded under § 406(b), Plaintiff's counsel must refund Plaintiff $8,240—the previously awarded EAJA fees.

However, Plaintiff requests an indirect method of refunding the EAJA fees. Plaintiff's counsel asks the Court to subtract, or net, the EAJA fees so that the § 406(b) amount awarded is $8,213, representing the difference between the full § 406(b) amount ($16,453) and the amount of EAJA fees already received ($8,240). The Commissioner takes no position on the request to award a netted § 406(b) award, but if the Court agrees to the request, the Commissioner asks the Court to make its reasonableness determination on the § 406(b) fees in full, rather than the net fee awarded after the offset. (Comm'r Resp. at 4.)

Plaintiff cites no Eighth Circuit authority in support of her requested method of refunding the EAJA fees. Recently, another court in this District addressed this issue, noting that while the indirect refund method has been accepted by some courts, "it seems to be the disfavored method." *Theodoros K. v. Kijakazi*, 20-CV-2228 (KMM-ECW), 2023 WL 4621896, at *3 (D. Minn. July 19, 2023) (citing *O'Donnell v. Saul*, 983 F.3d 950, 957 (7th Cir. 2020) (viewing it as the disfavored method); *see also McGraw v. Barnhart*, 450 F.3d 493, 497 n.2 (10th Cir. 2006) ("[I]t is more appropriate for counsel to make the required refund to his client, rather than to delegate that duty to the Commissioner.); *but see Jackson v. Comm'r of Soc. Sec.*, 601 F.3d 1268, 1274 (11th Cir. 2010) (holding that the EAJA does not mandate a direct refund approach and approving of the attorney's

6

request to have the Commissioner offset the § 406(b) award with the previously awarded EAJA fees) and *Crawford v. Astrue*, 586 F.3d 1142, 1144 n.3 (9th Cir. 2009) (stating that the district court "properly reduced the fee award [under § 406(b)] by the amount of attorneys' fees already paid by the government under the Equal Access to Justice Act")).

Whether Plaintiff's requested methodology is disfavored or routine, as in *Theodoros K.*, the Court finds it within its discretion to award fees in the "usual way." 2023 WL 4621896, at *3. Plaintiff provides no explanation as to why the indirect refund method should be used here. *Id*. In addition, she does not object to the usual way to award § 406(b) fees as she requests it in the alternative. (Pl.'s Mot. at 2 n.2) (alternatively requesting the full award of attorney's fees, subject to her counsel refunding her the EAJA fee). Accordingly, subject to the refund of $8,240 in EAJA fees to Ms. Williamson, the Court awards Plaintiff's counsel the requested full award of $16,453 in reasonable attorney's fees, pursuant to 42 U.S.C. § 406(b).

### III. CONCLUSION

Based on the submissions and the entire file and proceedings herein, **IT IS HEREBY ORDERED** that:

1. Plaintiff's Motion for Attorney's Fees [Doc. No. 37] is **GRANTED**;
2. Plaintiff's counsel is awarded $16,453 in reasonable attorney's fees; and
3. Plaintiff's counsel must refund to Plaintiff the amount of $8,240, representing the EAJA fees previously awarded.

Dated: December 1, 2023                    s/Susan Richard Nelson
                                           SUSAN RICHARD NELSON
                                           United States District Judge